UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TISHANA JO BHADMUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-0617-SEB-MJD |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

**ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This cause is now before the Court on Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment [Docket No. 16], filed on October 23, 2015. Plaintiff Tishana Jo Bhadmus brought her pro se complaint against Defendants in an attempt to appeal the denial by the United States Citizenship and Immigration Service ("USCIS") of her petition to remove the conditions on the resident status of non-party Samuel Bhadmus, and to bring other tort claims against USCIS. For the reasons detailed below, Defendants' Motion to Dismiss is GRANTED. Having granted Defendants' request for dismissal, we need not reach their alternative request for summary judgment; that motion is DENIED as moot.

## Factual and Procedural Background

Ms. Bhadmus, a United States citizen, married non-party Samuel Bhadmus, who is not a United States citizen, on February 7, 2008 [Docket No. 1-1 at 2]. In 2010, USCIS granted Mr. Bhadmus conditional permanent resident status based on Ms. Bhadmus's petition on his behalf [*Id*.].[1] On December 30, 2011, the Bhadmuses filed with USCIS an I-751 petition to remove the conditions on Mr. Bhadmus's permanent resident status [Docket No. 17, Ex. 1 at 1.][2] In connection with the petition, Mr. Bhadmus was interviewed on November 6, 2012, and December 14, 2012 [Docket No. 1-1 at 2-3]. Ms. Bhadmus was also interviewed on December 14, 2012 [*Id*. at 2.]

On July 9, 2013, USCIS sent to Mr. Bhadmus a Notice of Intent to Deny ("NOID") the I-751 petition stating: "It is clear from the evidence contained within your file, or lack thereof, that your marriage to Tishana Nash was entered into for the purpose of you procuring admission as an immigrant." [Docket No. 17-1 at 2]. Mr. Bhadmus, through counsel, responded to the NOID on August 6, 2013 [Docket No. 1-1 at 3]. After reviewing the additional information Mr. Bhadmus's submitted, on November 29, 2013,

---

[1] Conditional permanent resident status is governed by 8 U.S.C. § 1186a and 8 C.F.R. § 216a. Under certain circumstances, permanent resident status is conditioned on proof that the qualifying marriage was proper and, relevant here, not entered into for immigration purposes. 8 U.S.C. § 1186a(b)(1)(A)(1).

[2] Defendants request, pursuant to Fed. R. Evid. 201(b)(2), that we take judicial notice of Exhibits 1 and 2 appended to their Brief in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket Nos. 17-1 and 17-2]. In her response to Defendants' motion, Ms. Bhadmus does not object [Docket No. 19] and, in any event, Docket No. 17-1 is the decision that she asks us to review. These documents are made part of the record.

USCIS formally denied the I-751 petition, terminated Mr. Bhadmus's conditional permanent resident status, and informed Mr. Bhadmus that "[i]n accordance with [8 C.F.R. § 216.4(d)(2)], [he] may request review of this determination in removal proceedings under Section 240 of the Act." [Docket No. 1-1 at 4]. On December 31, 2013, Mr. Bhadmus was placed in removal proceedings by issuance of a Notice to Appear in immigration court, charging him with removability from the United States under 8 U.S.C. § 1227(a)(1)(D)(i), as an alien whose conditional permanent resident status was terminated [Docket No. 17-2].

Ms. Bhadmus's complaint followed. The parties' motions are now fully briefed and ready for ruling.

## Legal Analysis

### I. Standards of Review

Defendants have filed their Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Federal Rules of Civil Procedure authorize dismissal of claims for "lack of subject matter jurisdiction" and for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(1) and (6), respectively. Under these circumstances, "the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (*quoting Triad Assocs. v. Chicago Hous. Authority*, 982 F.2d 583, 586 (7th Cir. 1989)).

The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte*. See Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

In the procedural context of Rule 12(b)(6), we must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the Amended Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations [must] raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citations omitted).

## II. Discussion

The district courts of the United States are "courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

4

*Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  In light of this limitation, federal district courts have a constitutional obligation to scrutinize complaints for jurisdictional defects, and to dismiss, on their own initiative, suits over which they lack subject matter jurisdiction.  *See Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992).  "No court may decide a case without subject matter jurisdiction[.]"  *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000).

### A.  The Immigration-Related Allegations

Ms. Bhadmus's complaint against Defendants is an attempt to appeal the denial of her Form I-751, that is, her request to remove the conditions on Mr. Bhadmus's conditional permanent resident status.  In her complaint, however, she provides no statutory jurisdictional basis for this request. Defendants assert that Ms. Bhadmus's complaint must be dismissed on this ground, since the Court lacks subject matter jurisdiction over a case against the United States where Congress has not waived sovereign immunity [Docket No. 17 at 3, fn 2 (*citing Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008))].

Defendants assert that, assuming Ms. Bhadmus was relying on federal question jurisdiction, 28 U.S.C. § 1331, she is not permitted to do so because the federal question jurisdiction statute does not contain a waiver of sovereign immunity.  *See Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject-matter jurisdiction on the district court and a federal law that waives the sovereign immunity of

5

the United States to the cause of action."). We agree with Defendants on this issue. Moreover, this is not a "federal question" case because Ms. Bhadmus is not seeking to vindicate any federal right arising under the Constitution, laws, or treaties of the United States. S*ee* 28 U.S.C. § 1331.

Defendants also correctly argue that, to the extent Ms. Bhadmus may be invoking the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, which allows a court to "hold unlawful and set aside agency actions, findings, and conclusions" that are contrary to law, this potential jurisdictional avenue is unavailable to her.[3] Here, there is simply no statute authorizing this court's review of an I-751 petition. Rather, the immigration laws expressly provides that an I-751 decision can only be reviewed during removal proceedings. 8 U.S.C. § 1186a(c)(3)(D) (stating that an alien "whose permanent resident status is terminated under [the subparagraph applicable to Mr. Bhadmus] may request review of such determination in a proceeding to remove the alien"); *see also* 8 C.F.R. § 216.4(d)(2) ("No appeal shall lie from the decision of the director; however, the alien may seek review of the decision in removal proceedings."); 8 C.F.R. § 1216.4(d)(2) (same). The immigration judge presiding over Mr. Bhadmus's removal proceedings will have authority to modify or reverse the denial of the I-751 petition. *See Barbur v. U.S. Citizenship & Immigration Servs.*, No. 2:12-cv-1559-GMN-VCF, 2013 WL 3285490, at *3 (D. Nev. June 26, 2013) (concluding that USCIS's denial of plaintiff's I-751

---

[3] Defendants note that the APA contains a waiver of sovereign immunity for suits seeking non-monetary relief against the United States, *Bowen v. Massachusetts*, 487 U.S. 879, 891-93 (1988), but that waiver was not invoked here.

6

application was not final agency action because plaintiff would be entitled to *de novo* review of her application before an immigration judge and before the Board of Immigration Appeals during removal proceedings); *Lui v. Mukasey*, No. C08-180RSM, 2008 WL 1744626, at *3 (W.D. Wash. Apr. 11, 2008) (stating that plaintiff had not exhausted his administrative remedies because he had a pending hearing date before an Immigration Judge and could challenge USCIS's denial of his I-751 petition in removal proceedings); *see Cabaccang v. U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010) (USCIS's denial of plaintiffs' application to adjust status was not a final agency action because they had the right to renew the application before an immigration judge).  Beyond that, if Mr. Bhadmus is dissatisfied with decisions made at the agency level, he has an opportunity to seek further review.  *See* 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) (providing that the courts of appeals have jurisdiction to review a final order of removal within the applicable timeframe).[4]

None of the assertions in Ms. Bhadmus's response to Defendants' motion to dismiss persuade us that we have jurisdiction in this case.  Ms. Bhadmus insists—without citing any legal authority—that this Court has subject matter jurisdiction over the I-751

---

[4] Accordingly, and related to this point, there currently is no final agency action for any court to review.  *See* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) ("[T]wo conditions must be satisfied for agency action to be final:  first, the action must mark the consummation of the agency's decision making process–it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.").  Where, as here, further administrative relief is possible, an underlying agency action is not final.  In other words, the denial of the I-751 petition is not a final order subject to appeal over which any federal court may exercise jurisdiction.

denial [Docket No. 19 at 2]. But insistence is clearly not enough. Not even the stipulation by two parties can confer jurisdiction upon a court. *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000).

Finally, in her complaint, Ms. Bhadmus suggests that she is pursuing an action under 8 U.S.C. § 1447(b). Defendants point out that this statute is inapplicable to the allegations in Ms. Bhadmus's complaint. Specifically, 8 U.S.C. § 1447(b) pertains only to the denial of an application for naturalization, whereas the allegations in Ms. Bhadmus's complaint challenge the denial of a petition to remove conditions on permanent resident status. In any event, in her response, Ms. Bhadmus fails to address any of Defendants' additional arguments explaining why she is not entitled to pursue relief under 8 U.S.C. § 1447(b) [Docket No. 17 at 8-9]. *See* Docket No. 19. By failing to respond in any fashion to Defendants' argument, Plaintiff has waived her opportunity to challenge them. *See, e.g.*, *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."). Accordingly, this aspect of the complaint must be dismissed.

### B. The Tort Claims

Defendants argue that Ms. Bhadmus's allegations that Defendants "falsified government documents" and subjected her to "emotional/financial stress" sound in tort as causes of action for money damages for fraud or misrepresentation and for emotional distress [Docket No. 17 at 10]. As a threshold issue, to prevail on such claims—before bringing a legal action against USCIS—Ms. Bhadmus was required to file an

administrative claim under the Federal Tort Claims Act and then allow six months for the claim to be adjudicated.  28 U.S.C. § 2675(a). The Federal Tort Claims Act ("FTCA") embodies a limited waiver of the United States' sovereign immunity and is "the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment."  *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (*citing* 28 U.S.C. § 2679(b)(1).  Under the FTCA, "[t]he United States shall be liable . . . to tort claims in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

Defendants explain that the FTCA does not create a substantive cause of action against the United States government, but instead confers a remedy by which state law may be applied against the federal government.  Given the location of our court, Indiana law applies here.  And under Indiana law, fraud, misrepresentation, and infliction of emotional distress are defined as tort claims.  *See, e.g., Spangler v. Bechtel*, 958 N.E.2d 458, 463 (Ind. 2011); *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991).  Thus, the only mechanism by which to sue an agency of the United States, including USCIS, or its employees acting within the scope of their employment is under the FTCA.  *McNeil v. United States*, 508 U.S. at 111.

The requirement that a claimant seek administrative review and follow the procedures set forth in § 2674 prior to filing an action in federal court under the FTCA cannot be waived.  *McNeil v. United States*, 508 U.S. 106, 111 (1980); *Barnhart v. United States*, 844 F.2d 295, 296 (7th Cir. 1989).  Ms. Bhadmus does not assert that she

9

filed an administrative claim with USCIS [Docket Nos. 1 and 19].  In fact, in her reply to Defendants' motion, she essentially admits that she failed to do so.  *See* Docket No. 19 at 2 ("never for once was I aware that we could file an administrative claim with USCIS under the . . . FTCA.").  For the reasons set forth above, this explaination clearly does not aid her.  By failing to file an administrative claim, she has failed to exhaust her administrative remedies with regard to these causes of action, and her claims fail on this basis alone.  *See Kanar v. United States*, 118 F.3d 527, 530-31 (affirming the dismissal of a lawsuit for lack of a proper administrative claim under the FTCA).

As a separate and independent basis for dismissing the claims in this aspect of Ms. Bhadmus's case, Defendants maintain that Ms. Bhadmus's tort claims are barred by the intentional tort exception to the FTCA [Docket No. 19 at 12-16].  By failing to address these arguments, there is no basis for disturbing them, and Ms. Bhadmus has waived her opportunity to challenge them.  *See, e.g.*, *Goodpaster*, 736 F.3d at 1075. Accordingly, Ms. Bhadmus's tort claims must and will be dismissed.

### III.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Docket No. 16] is <u>GRANTED</u> with prejudice.  Defendants' alternative request for summary judgment is <u>DENIED</u> as moot. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:   __9/30/2016_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tishana Jo Bhadmus
5543 Scarlet Terrace
Indianapolis, IN  46224

Kathryn E. Olivier
Office of the United States Attorney
Kathryn.Olivier@usdoj.gov